IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN re Mark Mazza					Bankruptcy No. 22-13245

FILED MAY 23 2023 TIMOTHY McGRATH, CLERK

ANSWER TO MOTION TO WITHDRAW AS COUNSEL FOR DEBTOR

1 Admitted.

2 Admitted.

3 Admitted to a signed fee agreement. The scope of the work to be performed was not limited as alleged and debtor paid a fee for services that might arise in the case with additional fees for non basic services. The attorney services included answering the motion to lift stay, attending creditor meetings and other services.

4. Admitted. Debtor does not know all that was discussed at the meeting.

5 Admitted that deadlines were extended. It is denied counsel was retained solely for amendments and the attorney work included but was not limited to preparing a response to the motion to lift stay and other services.

6. Denied as debtor does not know exact date documents mailed to attorney Quinn

were received. After the motion to withdraw was filed , the attorney returned to debtor 2 large envelopes containing voluminous documents that were fully responsive to the attorney's requests.

7 Admitted. Attorney Quinn got an extension and agreed to respond to the motion to lift stay and thereafter did not prepare a draft response until May 1 that was sent to debtor at 6:54 P.M.

8. Debtor is not able to confirm what was discussed as he was not part of the conversation.

9. Denied that there is an impasse. Attorney Quinn expressed to debtor the work that was necessary on debtors behalf was much more than he anticipated when he accepted the case.. This was a continuing complaint and the attorney knew all issues and work that had to be completed prior to accepting the case. The fee was set by the attorney and debtor agreed to those terms. Debtor and attorney spoke about the draft response around 5P.M.,a incomplete response to the motion received late Monday May 1. After speaking with counsel the morning of May 2 about the response. Debtor sent attorney Quinn messages to further address the draft response. The attorney then went into a 3 hour meeting and without further discussion confirmed filing a motion to withdrawal at 5:26 P.M. Debtor filed a response to the motion to lift stay and thereafter filed an appeal of the court's order dated May 17,2023. Attorney Quinn previously confirmed he does not do appellate work. All other services per the fee agreement should be completed by the attorney. The claim of a impasse is no longer relevant and the motion to withdrawal must be denied.

10. Admitted.

11/12 Denied. Attorney Quinn did not respond to any calls from debtor before and after he filed this motion. The Rules of Professional Conduct allegation was never communicated or otherwise discussed with the debtor. Debtor found form motions that make such references. Debtor sought to include facts in response to the motion to lift stay and there was never reference to the above rules nor a specific provision of same in any discussions. Attorney Quinn only said that he was "uncomfortable" about some facts debtor sought to include in the response. There is no basis to support the motion to withdrawal and avers the sole or primary reason for filing it was due to the attorney complaining that he did not anticipate the amount of work that had to be performed to complete the bankruptcy. Withdrawal should be denied based on the above and Attorney Quinn should be required to complete all aspects of the litigation in this bankruptcy case. Debtor will make every effort and cooperate with the attorney, including submission of additional information and documents as requested.

13. Denied as debtor has not received any time slips nor any confirmation of any/all unused retainer.

Wherefore, it is requested the motion be denied and that counsel be required to resume representing the debtor until the conclusion of the litigation.

_____

Certificate of Service

The attached response was served on the below named by USPS First Class Mail on

May 23,2023

Joseph Quinn, Esq
Ross, Quinn and Plappert
192. S. Hanover st. Suite 101
Pottstown ,Pa 19464

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN Re Mark Mazza            22-13245

ORDER

And now this _____ day of _____ ,2023 , it is ordered and decreed the motion to withdrawal is denied.

_____
J.